# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Christopher Bird,**
**Respondent Below, Petitioner**

**FILED**

**November 4, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 18-0870** (Kanawha County 17-AA-96)

**Kanawha County Board of Education,**
**Petitioner Below, Respondent**


## MEMORANDUM DECISION


Petitioner Christopher Bird, by counsel Everett Roush, appeals the Circuit Court of Kanawha County's September 12, 2018, order reversing the decision of the West Virginia Public Employees Grievance Board ("grievance board"). Respondent the Kanawha County Board of Education, by counsel Lindsay D.C. McIntosh, submitted a summary response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Christopher Bird is a custodian employed by the Kanawha County Board of Education who previously worked as a bus operator for respondent. Respondent posted the position of Electrician II in September of 2016, though the job description did not specifically mention any qualification related to an applicant's driving record. It did, however, set forth the following duties/responsibilities: "Possess and maintains a valid West Virginia driver's license; Ability to perform duties in compliance with the county requirements and Board of Education policies." Respondent declined to offer petitioner the Electrician II position due to his recent conviction for driving under the influence ("DUI"), and the position was awarded to the intervenor below, Emmett G. Busse.[1] Petitioner filed a grievance with the grievance board on January 17, 2017, and Mary Jo Swartz, the designee of the county superintendent, denied the grievance at

---

[1] Without citing to the record, petitioner claims that he was "fully qualified" for the Electrician II position, including holding a journeyman's electrician license and the completion of an electrician course at respondent's technical school, Ben Franklin Career Center. He also contends that he had good evaluations during his tenure with respondent and was the most senior applicant for the position.

1

Level I.[2] Petitioner appealed to Level II, at which time Mr. Busse intervened. The parties conducted an unsuccessful mediation in April of 2017, and petitioner appealed to Level III later that month. Following an evidentiary hearing, the administrative law judge ("ALJ") issued a decision finding that petitioner should have been awarded the position. The grievance board ordered that petitioner be instated to the position and awarded back pay, benefits, and interest. Respondent appealed that decision to the Circuit Court of Kanawha County, which considered the briefs and proposed orders submitted by the parties.

On September 12, 2018, the circuit court entered its "Final Order Reversing Decision of Grievance Board." In that order, the circuit court made the following relevant findings of fact and conclusions of law: All electricians employed by respondent are assigned a vehicle owned by respondent for use while completing their job duties. Respondent's Policy G68 provides that an applicant for a position that involves driving a county vehicle will be "disqualified" for DUI, though that policy does not contain a time limit for disqualification. However, respondent had an unwritten practice of limiting DUI disqualifications to the preceding five-year period. None of respondent's employees who drive one of its vehicles as part of their jobs have a disqualifying violation on their driving record. Petitioner was convicted of DUI, less than .15 blood alcohol content, in 2015, but completed all aspects of his ignition lock program on or about September 10, 2016.[3]

The circuit court concluded that it is neither arbitrary nor capricious for respondent to have a policy prohibiting an individual with a recent DUI conviction from operating its vehicles.

Public safety and potential liability on the part of [respondent] are reasonable considerations when determining if an individual may be permitted to operate one of [respondent's] vehicles. The [ALJ] acted arbitrarily and capriciously when she substituted her judgment for the judgment of [respondent] in concluding that [its] fleet safety policy should not apply to [petitioner] in this instance.

The circuit court reversed the ALJ's decision insofar as the ALJ determined that petitioner should be instated to the position of Electrician II. Petitioner appeals from that order.

As this Court has found, "[w]hen reviewing the appeal of a public employees' grievance, this Court reviews decisions of the circuit court under the same standard as that by which the circuit court reviews the decision of the administrative law judge." Syl. Pt. 1, *Martin v. Barbour Cty. Bd.*

---

[2] West Virginia Code §§ 6C-2-1 through -8 (collectively known as the West Virginia Public Employees Grievance Procedure ("grievance procedure")) provides the resolution procedure for grievances raised by public employees of the State of West Virginia. The grievance procedure consists of three levels: Level I is a hearing with the entity's chief grievance administrator; Level II is voluntary mediation; and Level III is a hearing in front of an administrative law judge. Either party may appeal a Level III decision to the Circuit Court of Kanawha County.

[3] According to the record, petitioner was arrested on December 13, 2014, and his conviction date was August 18, 2015.

2

*of Educ.*, 228 W. Va. 238, 719 S.E.2d 406 (2011). Pursuant to West Virginia Code § 29A-5-4(g),

[t]he [circuit] court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision or order are:
(1) In violation of constitutional or statutory provisions; or
(2) In excess of the statutory authority or jurisdiction of the agency; or
(3) Made upon unlawful procedures; or
(4) Affected by other error of law; or
(5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Further,

[g]rievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo.

Syl. Pt. 1, *Cahill v Mercer Cty. Bd. of Educ.*, 208 W. Va. 177, 539 S.E.2d 437 (2000). With these standards in mind, we turn now to petitioner's assignments of error.

First, petitioner argues that the circuit court erred in concluding that Policy G68 was not arbitrary and capricious; he contends that the policy was arbitrary and capricious because it does not establish a ban or similar consequences for other driving violations. Citing West Virginia Code § 18A-4-8b,[4] petitioner asserts that respondent's policy would create an exception or deviation

_____

[4] West Virginia Code § 18A-4-8b provides, in relevant part, as follows:

(a) A county board shall make decisions affecting promotions and the filling of any service personnel positions of employment or jobs occurring throughout the school year that are to be performed by service personnel as provided in section eight [§18A-4-8] of this article, on the basis of seniority, qualifications and evaluation of past service.
(b) Qualifications means the applicant holds a classification title in his or her category of employment as provided in this section and is given first opportunity for promotion and filling vacancies. Other employees then shall be considered and shall qualify by meeting the definition of the job title that relates to the promotion

3

from the normal statutory criteria for filling service personnel positions. Without citing to the record, petitioner asserts that no applicant for the position possessed the classification title of Electrician II or held preferred recall status with seniority in the electrician classification category. Therefore, as a regular employee, petitioner held a place among the top priority group of applicants, and in that group he was the most senior applicant qualified for the position. He further asserts that he had "acceptable evaluations" so he was entitled to receive the position.

Petitioner argues that Policy G68 is arbitrary and capricious because it creates a lifetime ban on driving jobs for any applicant who has a DUI violation on his or her record, which petitioner asserts is "clearly absurd." He further argues that a ban on DUI with no impediment for speeding, driving while using a cell phone, or other risky behavior behind the wheel is inexplicable so the ban must be held to be arbitrary and capricious.

This Court has held that "'[t]he "clearly wrong" and the "arbitrary and capricious" standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis.' Syllabus Point 3, *In re*

---

or vacancy, as defined in section eight of this article. If requested by the employee, the county board shall show valid cause why a service person with the most seniority is not promoted or employed in the position for which he or she applies. Qualified applicants shall be considered in the following order:

(1) Regularly employed service personnel who hold a classification title within the classification category of the vacancy;

(2) Service personnel who have held a classification title within the classification category of the vacancy whose employment has been discontinued in accordance with this section;

(3) Regularly employed service personnel who do not hold a classification title within the classification category of vacancy;

(4) Service personnel who have not held a classification title within the classification category of the vacancy and whose employment has been discontinued in accordance with this section;

(5) Substitute service personnel who hold a classification title within the classification category of the vacancy;

(6) Substitute service personnel who do not hold a classification title within the classification category of the vacancy; and

(7) New service personnel.
***
(s) A county board failing to comply with the provisions of this article may be compelled to do so by mandamus and is liable to any party prevailing against the board for court costs and the prevailing party's reasonable attorney fee, as determined and established by the court.

(1) A service person denied promotion or employment in violation of this section shall be awarded the job, pay and any applicable benefits retroactively to the date of the violation and shall be paid entirely from local funds.

4

*Queen,* 196 W.Va. 442, 473 S.E.2d 483 (1996)." Syl. Pt. 5, *Dale v. Oakland,* 234 W. Va. 106, 763 S.E.2d 434 (2014). However, in the underlying case, the circuit court determined that it is neither arbitrary nor capricious for respondent to have a policy prohibiting an individual with a recent DUI conviction from operating its vehicles, specifically citing public safety and respondent's potential liability as reasonable considerations when determining if an individual may be permitted to operate one of respondent's vehicles. Petitioner does not dispute the fact that those in the position of Electrician II operate vehicles owned by respondent or that he was convicted of a DUI in August of 2015, approximately one year prior to respondent posting the Electrician II position at issue.

West Virginia Code Chapter 17C, Article 5 is entitled "Serious Traffic Offenses," and numerous sections of that article address DUI. Further, DUI is treated more harshly than most driving offenses, including a possible penalty of a term of incarceration up to six months and a possible fine of up to $500. *See* W. Va. Code § 17C-5-2(e). In contrast to those DUI statutes, the "[p]rohibited use of an electronic communications device driving without handheld features . . . ." is included under "Miscellaneous Rules" and includes penalties of only fines. W. Va. Code § 17C-14-15(e). Further, the article that addresses speed limitations is entitled "Speed Restrictions," and provides that a first offense violation of speed limits permits a maximum fine of $100. *See* W. Va. Code § 17C-6-1(e). Thus, it is clear that West Virginia law does not treat all driving offenses the same − in seriousness or penalties. A comparison of West Virginia statutes makes it abundantly clear that the different treatment of various driving offenses is not arbitrary or capricious. Therefore, we cannot find that the circuit court erred in concluding that respondent's policy providing differing treatment of various types of driving offenses, specifically DUI, was neither arbitrary nor capricious.

Petitioner's second assignment of error is his contention that the circuit court erred in concluding that respondent's unwritten practice of a five-year ban for convictions for DUI for applicants for service positions that required operating a vehicle was enforceable. Petitioner is correct that West Virginia Code § 18A-2-12a(7) requires that "[a]ll official and enforceable personnel policies of a county board must be written and made available to its employees[,]" though that is a notice rule. In addition, respondent admits that "[w]hile the practice [of a five-year lookback period] should have been made clear in the policy, it did not harm [p]etitioner to not know about the five year lookback practice, as he would have believed upon reading the policy he was under a lifetime ban . . . ." Petitioner applied for the position despite what he perceived as a lifetime ban, so it is apparent that petitioner has not been harmed by the fact that he was unaware of the "five year lookback" period. In addition, petitioner's two-paragraph argument on this issue fails to cite to the record to show this Court where he brought this issue to the circuit court's attention or even where the circuit court made a finding specific to this issue, as required by Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. For these reasons, we decline to address the merits of petitioner's second assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 4, 2019

5

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISQUALIFIED:**

Justice Margaret L. Workman